UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES McDAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LAKE PEND ORIELLE SCHOOL DISTRICT #84,<br><br>　　　　Defendant. | Case No. 2:15-cv-00030-CWD<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Defendant's Motion to Dismiss. (Dkt. 18.) All parties filed a written consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Dkt. 26.) For the reasons explained below, the Court will grant Defendant's motion.

## BACKGROUND

James McDay proceeds pro se against Lake Pend Orielle School District #84 (the District).[1] McDay formerly worked for the District as a para-professional. (Dkt. 17 at 2.) He alleges the District hired him under an agreement outlining his rate of pay and term of employment lasting from December of 2011 through June of 2012. *Id.* However, McDay was laid off without pay from March of 2012 through May of 2012. *Id.* The District eventually rehired McDay for the remainder of the term, but he alleges he was "paid a much lower rate . . . [while] still inside the duration period of the agreement." *Id.*

McDay contends he experienced discrimination on various bases while working at the District. *Id.* Accordingly, he brings suit for (1) discrimination under Title VII of the Civil Rights Act of 1964 (Title VII); (2) violations of the Equal Pay Act (EPA); (3) discrimination under the Age Discrimination in Employment Act (ADEA) and the Idaho Human Rights Act (IHRA); (4) violations of the Fair Labor Standards Act (FLSA) and Idaho wage law; (5) conspiracy under 18 U.S.C. §§ 241-42; and (6) breach of contract under state law.

---

[1] The Court notes that McDay untimely filed his Second Amended Complaint. When dismissing McDay's initial Complaint on November 18, 2015, the Court gave him 30 days to file an Amended Complaint. (Dkt. 9 at 3.) But he did not file an Amended Complaint until January 14, 2016. (Dkt. 14.) While the District seeks dismissal on that basis, the Court's findings in this Order render Defendant's argument moot.

## LEGAL STANDARD

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, that "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible when the plaintiff pleads sufficient facts to allow the Court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that the defendant acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" the defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

Two "working principles" underlie the pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions. *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, only a complaint stating a plausible claim for

relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Generally, under Rule 12(b)(6), the Court may not consider any evidence outside the pleadings without converting the motion into one for summary judgment and giving the non-moving party an opportunity to respond. *See* Fed. R. Civ. P. 12(d); *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

Dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). The Ninth Circuit has held that, "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Calif. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether the plaintiff will prevail but whether she "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

Pro se complaints are evaluated under the *Iqbal* and *Twombly* pleading standards. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). At the same time, pro se complaints

are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pro se complaints must therefore be liberally construed, and pro se plaintiffs must receive the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

## DISCUSSION

**1.    Title VII**

Title VII prohibits discrimination because of a person's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits retaliation, making it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this [title] . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this [title] . . . ." 42 U.S.C. § 2000e-3(a).

The Court finds that McDay has not stated a plausible claim under Title VII. McDay alleges that, "as a result of multiple complaints of sex discrimination by co-workers, that went disregarded, a hostile work environment arose." (Dkt. 17 at 2.) McDay, however, has alleged no facts clarifying or supporting that allegation, leaving the Court to speculate. McDay alleges he was also laid off "immediately following an inappropriate co-worker interaction over performance and pay following Plaintiff's reporting of same incident." *Id.* But "Title VII only protects employees from retaliation for complaining about the types of discrimination it prohibits." *Harris v. Treasure Canyon Calcium Co.*, No. 4:13-cv-00472-BLW, 2015 WL 5611575, at *12 (D. Idaho

Sept. 22, 2015) (citation and quotation marks omitted). Thus, McDay's complaint of an inappropriate co-worker interaction regarding "performance and pay" does not give rise to a Title VII claim. McDay has not alleged he personally complained or participated in co-workers' complaints of any conduct Title VII prohibits. Accordingly, the Court will dismiss McDay's claims under Title VII.

**2.     The Equal Pay Act**

Under the EPA, it is unlawful for employers to pay employees of one sex less than employees of the other sex "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). To state a claim under the EPA, a plaintiff must allege the employer paid "different wages to employees of the opposite sex for equal work." *Hein v. Ore. Coll. of Educ.*, 718 F.2d 910, 913 (9th Cir. 1983) (citation omitted). The work need "not be identical, but [it] must be 'substantially equal.'" *Id.*; *Stanley v. Univ. of S. Calif.*, 178 F.3d 1069, 1073-74 (9th Cir. 1999).

McDay's complaint does not state a plausible claim under the EPA. He alleges the District paid him "a much lower rate than his co-workers in the same capacity to perform the same duties." (Dkt. 17 at 2.) Even so, that McDay's co-workers received a higher pay for performing the same duties does not establish that the District paid different wages to employees of the opposite sex for equal work. Accordingly, the Court will dismiss McDay's claim under the EPA.

### 3. Age Discrimination

A *prima facie* case for age discrimination under the ADEA and the IHRA requires a plaintiff to show that he (1) is at least 40 years of age; (2) was performing his job satisfactorily; (3) experienced an adverse employment action; and (4) was replaced by substantially younger employees with equal or inferior qualifications, or discharged under circumstances that give rise to an inference of age discrimination. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008); *Hatheway v. Bd. of Regents of Univ. of Idaho*, 310 P.3d 315, 322-23 (Idaho Sup. Ct. 2013).

McDay's allegations do not implicate the ADEA or the IHRA's age discrimination prohibitions in any way. He has made no allegations regarding his age, that he was performing his job satisfactorily, or that he was discharged under circumstances giving rise to an inference of age discrimination. The Court will therefore dismiss McDay's age discrimination claims.

### 4. Wage Claims[2]

The FLSA governs minimum wage and overtime pay, requiring employers to pay their non-exempt employees no less than a specified minimum wage for work performed, and at least one and one-half times an employee's regular rate of pay for hours worked in

---

[2] The Court construes McDay's claim under the "Idaho Fair Labor Act" as claims under the Fair Labor Standards Act and Idaho's minimum wage law because there is no law called the "Idaho Fair Labor Act."

excess of 40 per week. 29 U.S.C. §§ 206, 207(a)(1). The FLSA governs Idaho's minimum wage and overtime laws. *See* Idaho Code § 44-1502 ("The amount of the minimum wage shall conform to, and track with, the federal minimum wage.").

McDay's complaint does not implicate the FLSA or Idaho's minimum wage law. He makes no allegation of being paid less than minimum wage or denied adequate overtime pay. Thus, to the extent that McDay has pleaded wage claims under the FLSA or state law, the Court will dismiss them.

**5.     Conspiracy**

McDay also alleges criminal conspiracy claims under 18 U.S.C. §§ 241-42. The Court will dismiss these claims because the Ninth Circuit has held that these statutes do not offer private rights of action. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

**6.     Breach of Contract**

A claim for breach of contract requires "(a) the existence of the contract, (b) the breach of the contract, (c) the breach caused damages, and (d) the amount of those damages." *Mosell Equities, LLC v. Berryhill & Co.*, 297 P.3d 232, 241 (Idaho Sup. Ct. 2013).

McDay alleges he was hired under an employment agreement "for wages from 12/2011 through 06/2012." (Dkt. 17, p. 2.) According to McDay, the District "laid the Plaintiff off without pay or explanation 03/2012 to 05/2012." *Id.* And when he was called back to work, McDay alleges the District paid him a "much lower rate . . . [while] still inside the duration period of the agreement." *Id.* Specifically, McDay alleges his

agreement with the District entitled him to $11.41 per hour, but the District paid him only $9.56 per hour on his return. (Dkt. 24 at 2.)

While the Court finds that McDay's allegations are sufficient to state a claim for breach of contract, the Court declines to exercise jurisdiction over this claim. Based on the findings in this Order, the Court no longer has original jurisdiction over any other claim in the complaint. Thus, the Court has discretion to dismiss state law claims since it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Though § 1367(c) triggers the Court's discretion to dismiss state law claims, the values of "economy, convenience, fairness, and comity" ultimately determine whether dismissal is proper. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966)). Nevertheless, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Here, the Court finds that economy, convenience, fairness, and comity support dismissal. This action is still in its initial stages, and it does not appear any discovery has been taken. *Cf. Trujillo v. Winco Foods, LLC*, No. F071084LJOWMW, 2007 WL 3054001, at *2 (E.D. Cal. Oct. 19, 2007). Moreover, the 5-year statute of limitations governing McDay's breach of contract claim has not expired under Idaho Code § 5-216.

**MEMORANDUM DECISION AND ORDER - 9**

He therefore remains free to re-file this claim in state court. Accordingly, the Court will dismiss McDay's breach of contract claim without prejudice.

## ORDER

1. The District's Motion to Dismiss (Dkt. 18) is **GRANTED.** McDay's claims for (1) discrimination under Title VII; (2) violations of the EPA; (3) discrimination under the ADEA and the IHRA; (4) violations of the FLSA and Idaho wage law; and (5) conspiracy under 18 U.S.C. §§ 241-42 are **DISMISSED with prejudice.** McDay's claim for breach of contract under state law is **DISMISSED without prejudice.**

2. All other pending motions (Dkts. 6, 7, and 11) are **DENIED as moot.**

Dated: **March 30, 2016**

Honorable Candy W. Dale
United States Magistrate Judge